USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 11 2013



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0178

October 7, 2013

**By email (Jocelyn_Courtney@nysd.uscourts.gov)**
The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

**MEMO ENDORSED**

Re:   **Securities & Exchange Commission v. Peter B. Madoff, 12 CV 5100 (LTS)**

Dear Judge Swain:

We, the undersigned, represent the Securities and Exchange Commission (the "SEC") in the referenced action. We write to address questions that Your Honor has posed concerning the scope of the proposed default judgment against Peter Madoff, submitted by the SEC staff on June 7, 2013 ("Proposed Judgment").

By its terms, the Proposed Judgment would permanently enjoin defendant Peter Madoff and "each of his partners, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise" from violating the provisions of the securities laws that the SEC has alleged defendant Madoff has violated. The language of the Proposed Judgment's injunctive provisions is based on Rule 65(d)(2) of the Federal Rules of Civil Procedure, which provides that every injunction and order:

"binds only the following who receive actual notice of it by personal service or otherwise:

(A)   the parties;
(B)   the parties' officers, agents, servants, employees, and attorneys; and
(C)   other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."

Fed. R. Civ. P. 65(d)(2).

Rule 65(d) "is designed to codify the common-law doctrine 'that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.'" Heyman v. Kline, 444 F.2d 65, 66 (2d Cir.1971) (quoting Regal Knitwear Co. v. NLRB, 324 U.S. 9, 14, 65 S.Ct. 478, 89 L.Ed. 661 (1945)). The SEC staff believes that the Rule 65(d)(2) language included in the proposed injunction serves an important

Hon. Laura Taylor Swain
October 7, 2013
Page 2

purpose: it puts on notice the defendant, and those who may try to assist him in the future, that the defendant cannot use other individuals and entities to do an end-around the injunction and violate the federal securities laws. The staff believes the language in the injunction is forward-looking and only enjoins the defendant and those individuals or entities in the future that get notice of the order and improperly assist the defendant in violating the injunction.

The SEC staff respectfully submits that its Proposed Judgment is neither vague nor overbroad. In order for a nonparty to be bound by the Proposed Judgment, that person or entity must either aid or abet the defendant, or be legally identified with him. See Paramount Pictures Corp. v. Carol Publishing Group, Inc., 25 F.Supp.2d 373, 374 (S.D.N.Y. 1998). This legal requirement narrows the scope of the injunction significantly, and thus prevents the injunction from improperly "enjoin[ing] the world at large[.]" Alemite Mfg. Corp. v. Staff, 42. F.2d 832, 832 (2d Cir. 1930). Further, by the terms of the Proposed Judgment and of Rule 65(d)(2), the reach of the injunction only extends to parties who have actual notice of the order and knowingly violate it. See Bridgeport Guardians v. Delmonte, 317 F.Supp.2d 115, 121 n. 5 (D.Conn. 2005).

Moreover, before a person or individual can be found in contempt of the order, the Court must undertake "a fact-sensitive inquiry to determine whether persons not [specifically] named in an injunction can be bound by its terms because they are acting in concert with the enjoined party." In re Zyprexa Injunction, 474 F.Supp.2d 385, 419 (E.D.N.Y. 2007). The burden of proof in such an inquiry is on the party seeking the enforcement of the injunction; "[t]he party seeking enforcement of an order bears the burden of demonstrating that the persons to be held in contempt are within the scope of the injunction." People of the State of New York by Vacco v. Operation Rescue National, 80 F.3d 64, 70 (2d Cir. 1996); see also, Matrix Essentials v. Quality King Distributors, Inc., 346 F.Supp.2d 384, 390 (E.D.N.Y. 2004). A finding of civil contempt of a court order will only enter upon a showing of "clear and convincing" evidence of a violation of a "clear and unambiguous" order of the court. Matrix Essentials, 346 F.Supp.2d at 390.

The SEC staff respectfully submits that the requirements set forth above provide the requisite safeguards to prevent innocent parties from being wrongfully swept into the scope of the injunction. In addition, the language included in the Proposed Judgment from Rule 65(d)(2) has been regularly included in each proposed judgment (that includes an injunction) that the staff has tendered to judges in this Court and in other districts. The undersigned, Alexander Vasilescu, who has long practiced in the SEC's New York office and supervises the New York trial unit, does not recall any judgment having been issued that did not have such Rule 65 language, including in cases involving massive frauds with large numbers of bad actors.

Hon. Laura Taylor Swain
October 7, 2013
Page 3

    For these reasons, we respectfully request that the Court enter the Proposed Judgment in its current form. Should Your Honor have additional questions, please let us know. Alexander Vasilescu can be reached at (212) 336-0178 and Kristine Zaleskas can be reached at (212) 336-0189.

Respectfully submitted,

*/s/ Alexander M. Vasilescu*

Alexander M. Vasilescu
Kristine Zaleskas

cc: Peter Madoff (by U.S. Mail)

*[Handwritten note:] The Court appreciates this confirmation that the SEC does not seek relief beyond the scope of Rule 65(d)(2).*

**SO ORDERED:**

*/s/* 10/11/13

HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE