UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
SECURITIES AND EXCHANGE COMMISSION,    :
:
Plaintiff,    :
:  12 Civ. 5100 (LTS)
- against -    :
:
PETER B. MADOFF,    :
:
Defendant.    :
:
------------------------------------------------------------------x

[Proposed] DEFAULT JUDGMENT AGAINST PETER MADOFF

Plaintiff Securities and Exchange Commission having commenced this action on June 29, 2012; defendant Peter B. Madoff having executed a waiver of service on September 10, 2012; defendant Peter B. Madoff having failed to answer, move, or otherwise respond to the Commission's Complaint as required by Rule 12 of the Federal Rules of Civil Procedure; the Court having provided defendant Peter B. Madoff and the Commission the opportunity to be heard, and having heard any arguments that may have been put forth; and there being no just reason to delaying the entry of this Order:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant, and each of his partners, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from, directly or indirectly, singly or in concert, in the offer, purchase or sale of any security, by use of any means or instruments of transportation or communication in interstate

commerce or by use of the mails:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in violation, or aiding and abetting a violation, of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## II.

**IT IS FURTHER ORDERED** that Defendant, and each of his partners, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from, directly or indirectly, singly or in concert, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    a.    employing any device, scheme or artifice to defraud any client or prospective client; or

    b.    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any client or prospective client,

in violation, or aiding and abetting a violation, of Sections 206(1) and 206(2) of the Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)].

III.

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from, directly or indirectly, while acting as a broker or dealer, by use of the mails or the means or instrumentalities of interstate commerce, from effecting transactions in, or inducing or attempting to induce the purchase or sale of, securities, by means of manipulative, deceptive, or other fraudulent devices or contrivances, including:

    a.    acts, practices, and courses of business that operate or would operate as a fraud or deceit upon any person,

    b.    untrue statements of material fact and omissions to state a material fact, necessary, in light of the circumstances under which they were made, not misleading,

in violation, or aiding and abetting a violation, of Section 15(c) of the Exchange Act [15 U.S.C. §78o(c)], and Rule 10b-3 thereunder [17 C.F.R. §240.10b-3].

IV.

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from, directly or indirectly, willfully making any untrue statement of a material fact in any registration application or report filed with the Commission under Sections 203 or 204 of the Advisers Act [15 U.S.C. §§ 80b-3 or 80b-4], or

willfully omitting to state in any such application or report any material fact which is required to be stated therein, in violation, or aiding and abetting a violation, of Section 207 of the Advisers Act [15 U.S.C. §§ 80b-7].

## V.

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from, directly or indirectly, from willfully making untrue statements of material fact in Forms BD filed with the Commission, or willfully omitting to state in such Forms BD a material fact which was required to be stated therein, in violation, or aiding and abetting a violation, of Section 15(b)(1) of the Exchange Act [15 U.S.C. § 78o(b)(1)] and Rule 15b3-1 thereunder [17 C.F.R. § 240.15b3-1].

## VI.

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined while operating as an investment adviser, or acting in concert with such an investment adviser, and making use of the mails or of any means or instrumentality of interstate commerce in connection with his or its business as an investment adviser, from failing to make, maintain on such investment adviser's premises, or keep accurate, books and records required by law, including, but not limited to, account statements, ledgers, blotters and journals, in violation, or aiding and abetting a violation, of Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2 thereunder [17 C.F.R. § 275.204-2].

## VII.

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined while operating as a broker or dealer, or in concert with such broker or dealer, from failing to make, maintain on such broker's or dealer's premises, or keep accurate, books and records required by law, including, but not limited to, account statements, ledgers, blotters and journals in violation, or aiding or abetting a violation, of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rule 17a-3 thereunder [17 C.F.R. § 240.17a-3].

## VIII.

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative, including but not limited to failing to: (a) implement written policies and procedures reasonably designed to prevent violation by BMIS and its supervised persons of the Advisers Act and the rules thereunder; (b) review, no less than annually, the adequacy of such policies and procedures and the effectiveness of their implementation; and (c) designate an individual who was a supervised person as responsible for administering such policies and procedures, in violation, or aiding or abetting a violation, of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 thereunder [17 C.F.R. 275.206(4)-7].

## IX.

**IT IS FURTHER ORDERED** that no disgorgement shall be ordered against Defendant in this civil action, based on the $143 billion in restitution ordered in United States v. Peter Madoff, 10 Crim. 228 (S.D.N.Y.) (LTS).

## X.

**IT IS FURTHER ORDERED** that no civil penalty shall be ordered against Defendant, based on his criminal conviction and the restitution ordered in United States v. Peter Madoff, 10 Crim. 228 (S.D.N.Y.) (DC).

## XI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including the implementation and enforcement of this Order.

## XII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Federal Rule of Civil Procedure 65(d), this Order is binding on Peter Madoff, his agents, servants, employees, and attorneys, and upon those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise.

## XIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, there being no just reason for delay, the clerk of Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Judgment forthwith.

SO ORDERED:

Date: October 11, 2013
New York, New York

United States District Judge